IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMANDA ELLMANN, )
 )
        Plaintiff, )
 )
-vs- ) Civil Action No. 18-111
 )
ANDREW M. SAUL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), David Romeo, held a hearing on May 3, 2017. (ECF No. 9-2, pp. 32-61). On June 1, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 9-2, pp. 16-27).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 18). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[2] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

      **B.**    **Residual Functional Capacity ("RFC")**

Plaintiff submits that "the ALJ's findings may arguably be supportable by substantial evidence, but conservatively not until April 14, 2015 and more liberally not until March 7, 2016." (ECF No. 14, p. 7). Plaintiff argues this is "critical" because "consideration to a closed period of disability from December 9, 2013 to either April 14, 2015 or March 7, 2016 should have been made." *Id.* In support of the same, Plaintiff suggests that her "earliest medical improvement is

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

April 14, 2015" with a temporary set-back in improvement through October of 2015. (ECF No. 14, pp. 7-8). Plaintiff submits that it is not until March 7, 2016, that she has "consistent medical improvement." *Id.* at p. 8. As a result, Plaintiff concludes remand is warranted. After a review of the record, I disagree.

In support of her argument that the ALJ should have found her disabled for a closed period of time, Plaintiff cites to evidence in the record to support her position that the earliest medical improvement is April 14, 2015 or "consistent medical improvement" on March 2, 2016. To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's entire argument in this regard is misplaced.

My review of the record reveals that the ALJ set forth, in detail, the evidence he used to support his findings. *See,* (ECF No. 9-2, pp. 16-27). Contrary to Plaintiff's version of the facts, the ALJ observed that "these overall objective diagnostic findings with regard to MS confirm the diagnosis but show little disease progression after she stabilized in 2014." *Id.* at p. 21. He noted that Plaintiff had brief hospitalizations in April, June, July and August of 2014 with her last documented flare up in September 2014 (which required only outpatient steroid treatment). (ECF No. 9-2, p. 22). Additionally, the ALJ noted that after her brief flare-ups in 2014, she experienced improvement with steroid therapy and her clinical examination findings have shown

4

"no significant deficits of strength, gait, coordination, sensation, or muscle tone." *Id.* The ALJ continued to discuss Plaintiff's condition as set forth in the records, including a discussion of her testimony and her activities of daily living. *See,* ECF No. 9-2, pp. 20-25. Specifically in weighing the opinion evidence, the ALJ set forth, in detail, reasons for the weight given to each opinion. (ECF No. 9-2, pp, 23-24). After a review of the record, I find there is substantial evidence to support the ALJ's findings. *Id.* at pp. 16-27. Consequently, I find remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA ELLMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 18-111 |
| ) | |
| ANDREW M. SAUL,[3] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 14th day of August, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 13) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.